UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALYSON PIROZZOLO,　　　　　　　　　CASE NO.:

　　　Plaintiff,

v.

LIDO SAND LLC,
a Florida Limited Liability Company,

　　　Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, ALYSON PIROZZOLO ("Ms. Pirozzolo" or "Plaintiff"), brings this action pursuant to: (i) the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA"), and (ii) the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), seeking recovery from LIDO SAND LLC ("LS" or "Defendant") for unpaid overtime wages, back pay, compensatory damages, an equal amount as liquidated damages (under the FLSA and the FMLA), reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. The jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 216(b) and 29 U.S.C. § 2601, *et seq*.

2. This Court has the authority to grant declaratory relief pursuant to the FLSA, the FMLA, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Manatee County, Florida.

4. LS is a Florida limited liability company that is located in Delray Beach, Palm Beach County, Florida, and does business in Sarasota County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff worked for Defendant in Sarasota County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

6. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to Plaintiff seeking leave under the FMLA.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) her daughter suffered from a serious

health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendants for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

8. Defendant is an employer as defined by the FLSA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, grossed in excess of $500,000.00 per year in revenue, and had employees regularly engaged in interstate and intrastate commerce.

9. At all times material hereto, Defendant was an enterprise engaged in commerce, or the use of goods for commerce, in that Defendant's computer equipment, telephones, and office equipment originated outside the State of Florida.

10. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant was primarily engaged in providing lodging, dining, and related hospitality services to guests of Defendant's Sandcastle Resort at Lido Beach, which is in Sarasota County, Florida, and at other nearby hotels and resorts.

12. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

13. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant, in that Defendant could not operate its business(es) without Restaurant Managers like Plaintiff.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for LS as a Restaurant Manager from February 20, 2020, until her termination on May 13, 2021.

16. In the Spring of 2021, Plaintiff's newborn daughter suffered symptoms of serious health conditions, including tongue tie and torticollis.

17. Plaintiff's daughter required surgery, which took place on April 1, 2021, in order to treat and address her serious health conditions.

18. Plaintiff's daughter unfortunately suffered complications of her serious health conditions after the surgery, which required Plaintiff's care and attention.

19. On April 15, 2021, Ms. Pirozzolo disclosed to LS her daughter's serious health conditions, and requested unpaid FMLA leave from LS in order to treat and address the conditions.

20. In response to Ms. Pirozzolo's disclosures and request, LS failed to inform Ms. Pirozzolo of her rights and responsibilities under the FMLA, and failed to provide Ms. Pirozzolo with FMLA paperwork.

21. On April 28, 2021, Ms. Pirozzolo received from LS a certified letter dated April 22, 2021, wrongly stating that she was not eligible for FMLA leave.

22. In its letter dated April 22, 2021, LS informed Ms. Pirozzolo that it was instead granting her a thirty (30) day leave of absence in order to treat and address her daughter's serious health condition.

23. On May 20, 2021, Ms. Pirozzolo received from LS another certified letter, dated May 20, 2021, informing Ms. Pirozzolo that LS had terminated her employment, effective immediately.

24. Throughout her time with Defendant, Ms. Pirozzolo was alternatively, and seemingly at random, characterized as a salaried employee and/or an hourly-paid employee, and was not paid time-and-a-half for all hours worked in excess of forty (40) in every given work week.

25. Ms. Pirozzolo always worked in Sarasota County, Florida, and nearby/adjacent counties, at LS's Sandcastle Resort at Lido Beach and other nearby hotels and resorts owned by LS, and her activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

26. Ms. Pirozzolo had no authority to hire or fire employees of LS.

27. Ms. Pirozzolo had limited authority to discipline employees of LS. If Ms., Pirozzolo's Supervisor, LS Food and Beverage Director Lisa Hoffey, was absent, Ms. Pirozzolo could issue "write ups" to subordinates, but the writeups were subject to Departmental review and review by LS's Human Resources Department.

28. Ms. Pirozzolo had no authority to set rates of pay for other employees or agents of LS.

29. Ms. Pirozzolo had no input into performance reviews of other employees or agents of LS.

30. All of Ms. Pirozzolo's major decisions had to be cleared in advance by one of Defendant's supervisors.

31. Ms. Pirozzolo was closely monitored by Defendant's supervisors and managers at all times.

32. Ms. Pirozzolo followed procedures established by Defendant and did exactly as she was instructed to do.

33. Ms. Pirozzolo's primary duties were to perform routine administrative and support tasks.

34. Throughout Plaintiff's employment, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

35. Defendant failed to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) in a given work week.

36. Plaintiff regularly worked forty-eight (48) or more hours per week for Defendants during her employment with Defendants.

37. Defendants failed to pay Plaintiff full and proper overtime compensation for all hours worked over forty (40) per week during her employment with Defendants.

38. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay her for all overtime hours worked.

39. Defendant routinely failed to pay Plaintiff anything at all for overtime hours that she worked during her employment.

40. Defendant routinely changed its characterization of Plaintiff from salaried/exempt to hourly-paid/non-exempt depending on how many hours Plaintiff worked in a given work week.

41. Defendant routinely changed Plaintiff's hourly rate of pay from week to week.

42. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout her employment.

43. Defendant violated Title 29 U.S.C. §207 in that:

   (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

(c) Defendant failed to maintain proper time records as mandated by the FLSA.

44. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

45. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

46. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

47. Based on the allegations in Paragraphs 44-46, above, Plaintiff is entitled to liquidated damages under the FLSA, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

48. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Pirozzolo notifying Defendant of her daughter's serious health conditions, and in retaliation for Ms. Pirozzolo attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

49. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

50. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

51. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

52. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

53. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her attempted utilization of what should have been protected FMLA leave.

54. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

55. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages under the FMLA.

56. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

57. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 11, 14 through 23, and 48 through 56, above, as if fully set forth herein.

58. At all times relevant hereto, Plaintiff was protected by the FMLA.

59. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

60. At all times relevant hereto, Defendant interfered with Plaintiff by misrepresenting Plaintiff's eligibility to utilize unpaid FMLA leave in response to Plaintiff's disclosure of her daughter's serious health conditions, by failing to inform Plaintiff of her rights and obligations under the FMLA, and to provide Plaintiff FMLA paperwork, in response to Plaintiff's disclosure of her daughter's serious

health conditions, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

61. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

62. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 7, 11, 14 through 23, and 48 through 56, above, as if fully set forth herein.

64. At all times relevant hereto, Plaintiff was protected by the FMLA.

65. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

66. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for disclosing her daughter's serious health conditions and for attempting to utilize what should have been FMLA-protected leave.

67. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her right to take approved leave pursuant to the FMLA.

68. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

69. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 8 through 15, 23 through 47, 54, and 56, above, as if fully set forth herein.

71. Plaintiff worked in excess of forty (40) hours per week, for which Plaintiff was not compensated at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay.

72. Plaintiff was entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for each hour worked in excess of forty (40) per work week.

73. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA to ensure all of Plaintiff's hours worked were accounted for.

74. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was and is due.

75. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

76. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants, and that this Court:

 a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

 b. Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

 c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

 d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

 e. Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 12th day of November, 2021.

>Respectfully Submitted,
>
>**/s/ Noah E. Storch**
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. SR. 84, Suite 103
>Davie, Florida 33324
>Telephone: (866) 344-9243
>Facsimile:  (954) 337-2771
>E-mail: **noah@floridaovertimelawyer.com**
>
>*Attorneys for Plaintiff*